{¶ 63} I respectfully dissent from the majority's disposition of this case.
 {¶ 64} In the case at bar, the trial court did not find that appellant was unable to provide an adequate home for his son due to his mental retardation, a finding that is required to satisfy R.C. 2151.414(E)(2). Furthermore, the evidence does not support a finding that appellant failed to provide his son with an adequate permanent home. There is no evidence that he lacked adequate clothing, food, shelter, or care. Although the record indicates that the child was initially removed due to the conditions of the home, nothing in the record indicates that SCDJFS ever provided appellant with assistance in finding suitable, appropriate housing. Further, the caseworker had not even visited appellant's present home for the four months preceding the hearing on SCDJFS motion for permanent custody. [T. at 16]. Nothing in the record establishes that appellant was unwilling as opposed to unable to provide his son an adequate permanent home.
 {¶ 65} The trial court listed only one justification for permanently terminating appellant's parental rights: "Due to father's actions and the Father's failure to comply with the objectives of his case plan, the Court finds the Father has failed to reduce the risk to the child." [Findings of Fact and Conclusions of Law, filed August 20, 2007 at ¶ 17]. This finding is not supported by clear and convincing evidence in the record.
 {¶ 66} The state acquired temporary custody of Randy, Jr. due to concerns that the home was dirty, fighting between appellant and the child's mother, and the mental limitations of both parents. The SCDJFS obtained temporary custody September 27, 2006. The Motion for Permanent Custody that was filed May 16, 2007 centered upon the same concerns. The majority of concerns set forth in that motion dealt with the *Page 17 
mother of the child. As previously noted the mother has voluntarily relinquished custody. The failure of a mother to provide adequate parental care will not be imputed to a father. See In Re: Lay (1978), 43 Ohio App. 3d 78, 81, 539 N.E.2d 664, superseded by statute on other grounds as stated in Matter of Tirado (January 22, 1998), Mahoning App. No. 97 C.A. 26. Since she may no longer be residing with appellant, there can be found no clear and convincing evidence establishing that appellant failed to remedy the condition that led to the child's removal from the home.
 {¶ 67} The only witness other than appellant to testify at the hearing on the motion for permanent custody was the caseworker. No mental health professional, service provider, or counselor testified.
 {¶ 68} The testimony established that appellant completed his psychological evaluation. He further completed his Quest assessment. The majority cites appellant's failure to complete anger management at Melymbrosia as grounds for finding permanent custody to be appropriate. Although appellant was terminated from the anger management program at Melymbrosia, the record establishes that appellant was attending individual counseling at Trillium where anger management concerns were being addressed. Further, appellant had gained employment and had independent housing. No other specialized services were offered in the eight-month period between obtaining temporary custody and the hearing on SCDJFS's motion for permanent custody. The record further reveals that appellant visits his son weekly and interacts well with the child.
 {¶ 69} Although the trial court noted concerns for appellant's parenting abilities have been expressed due to his limited cognitive abilities, R.C. 2151.414 does not allow *Page 18 
for the termination of parental rights based on a parent's cognitive abilities alone. In re: D.A., 113 Ohio St. 3d 88, 2007-Ohio-1105
at ¶ 20.
 {¶ 70} This finding of the trial court that appellant has failed to reduce the risk to the child is not supported by clear and convincing evidence in the record. Furthermore, I would find that the eight-month time in which the SCDJFS attempted to assist appellant in his effort to remedy the problems falls short of a diligent effort under the facts of this specific case. Thus, I would conclude that the trial court's finding pursuant to R.C. 2151.414(E) (1) is unreasonable and unsupported by clear and convincing evidence in the record.
 {¶ 71} Accordingly, I would sustain appellant's first assignment of error and remand the case to the trial court. *Page 1